IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NHU T. LAM**, <br><br> *Plaintiff*, <br><br> v. <br><br> **NAIL CARE SPA 4 LLC d/b/a NAIL CARE SPA and VI TO**, <br><br> *Defendants.* | **Case No. 2:24-cv-05527-JDW** |

## MEMORANDUM

When lawyers before me plead the citizenship of a limited liability company as though it were a corporation, I routinely draw them a roadmap for how to fix the pleading. I explain that under the law in the Third Circuit (which they already should know), an LLC is a citizen of the states of all of its members,[1] I drew that map in this case when I issued an Order directing Plaintiff Nhu Lam to show cause why I shouldn't dismiss this case for law of subject matter jurisdiction. Unfortunately, where I saw a roadmap, Plaintiff's counsel found a maze, and he got himself lost. So, he doubled down and told me that diversity jurisdiction exists, even though is a member of the LLC that she is suing, meaning that by definition they are citizens of the same state. I will therefore dismiss this case for lack of subject matter jurisdiction.

---

[1] *See Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).

## I. BACKGROUND

Ms. Lam lives in Bensalem, Pennsylvania. Nail Care Spa 4 LLC is a Georgia LLC and has its principal place of business there. Ms. Lam owns 20% of Nail Care Spa 4 LLC. The other defendant, Vi To, resides in Georgia.

Ms. Lam filed the Complaint in this case on October 17, 2024. On October 21, 2024, I ordered her to show cause why I should not dismiss this suit for lack of subject matter jurisdiction and, if this Court has subject matter jurisdiction, why venue is proper in this District. Ms. Lam responded on October 22, 2024.

## II. LEGAL STANDARD

Federal courts have an independent obligation to ensure that they have subject matter jurisdiction. *See Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019). Diversity jurisdiction exists over cases where the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a). In cases with multiple plaintiffs or defendants, "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

An individual is a citizen of the state where she resides and intends to remain. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). The citizenship of a limited liability company is determined by the citizenship of all its members. *See Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).

**III.    DISCUSSION**

As a limited liability company, Nail Care Spa 4's citizenship depends on the citizenship of its members. Ms. Lam is a member of the LLC, as she owns 20 percent of the business. Therefore—like Ms. Lam, who resides in Pennsylvania—Nail Care Spa 4 is a citizen of Pennsylvania. In her response to my Order To Show Cause, Ms. Lam reiterates that Nail Care Spa 4 is incorporated in Georgia. But the citizenship of the members of an LLC determines its citizenship, not where it is incorporated or where it maintains its principal place of business. And Ms. Lam identifies no basis for jurisdiction other than diversity. Therefore, this Court does not have subject matter jurisdiction over this case.

Because I am dismissing this case for lack of subject matter jurisdiction, I need not address the issue of venue.

**IV.    CONCLUSION**

The Court does not have a basis to exercise subject matter jurisdiction over this case, so I will dismiss it without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 24, 2024